**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
Antoinette Waller (SBN 152895)
S. Ryan Patterson (SBN 279474)
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GREETINGS TOUR INC., a California corporation;<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation; DIAMONDROCK HOSPITALITY COMPANY, a Maryland corporation; AIMBRIDGE HOSPITALITY, LLC, a Delaware limited liability company; DRIFTWOOD ACQUISITIONS AND DEVELOPMENT LP, a Florida limited partnership; DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1-10 inclusive.<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Greetings Tour Inc. ("Plaintiff," or "Greetings Tour") complains against Defendants Marriott International, Inc., Diamondrock Hospitality Company, and Aimbridge Hospitality, LLC, Driftwood Acquisitions and Development LP, and Driftwood Hospitality Management, LLC (collectively referred to as "Defendants" or "Marriott") and Does 1-10 as follows.

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition.

2. Each defendant is subject to the personal jurisdiction of the Court because it transacts business in, has agents in, or is otherwise found in and has purposely availed itself of the privilege of doing business in California and in this District, and because the alleged misconduct was directed to California and this district, and Defendants' marketing activities at issue in this case were expressly aimed at California residents.

3. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

# THE PARTIES

4. Plaintiff Greetings Tour Inc. is a California corporation. Plaintiff is owner of all right, title, and interest in the copyrights mentioned in this Complaint.

5. Defendant Marriott International, Inc. is a Delaware corporation based in Bethesda, Maryland. Marriott International owns the Westin hotel brand.

6. Defendant Diamondrock Hospitality Company ("Diamondrock") is a Maryland corporation. On information and belief, Diamondrock is the owner of the San Diego Westin hotel located at 400 W Broadway, San Diego, CA 92101 (the "SD Westin").

7. Defendant Aimbridge Hospitality, LLC ("Aimbridge") is a Delaware limited liability company. On information and belief, Aimbridge is the manager of the SD Westin.

8. Defendant Driftwood Acquisitions and Development LP is a limited partnership located in Florida. Plaintiff is informed and believes, and on that basis alleges, that Driftwood Acquisitions and Development LP is the owner of the San Diego Marriott Mission Valley hotel located at 8757 Rio San Diego Dr, San Diego, CA 92108 (the "MV Marriott").

9. Defendant Driftwood Hospitality Management, LLC is a Delaware limited liability company. Plaintiff is informed and believes, and on that basis alleges, that Driftwood Hospitality Management, LLC is the manager of the MV Marriott.

10. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

11. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein. Each defendant is the alter ego of the other defendants.

## GENERAL ALLEGATIONS

**A. Plaintiff's well-known murals are exhibited on walls across the country.**

12. Plaintiff's principals Victor Fung and Lisa Beggs are acclaimed visual artists, specializing in painting murals. Their works have been featured in the New York Times, Rolling Stone, and GQ to name just a few; and in international marketing campaigns for major brands such as IZOD and Timberland.

13. In 2016, Fung and Beggs created a mural in San Diego, California, a photograph of which is shown below (the "Mural"). They signed their work by including the name of their Instagram account "@greetingstour" in the lower right-hand corner of the Mural. By all accounts, the Mural has been extremely well received by the community.



**B.  Marriott used Plaintiff's Mural without permission.**

14. Marriott International is the largest hotel chain in the world. In addition to its eponymous brand, it also owns well-known hotel brands like The Ritz-Carlton, W Hotels, Sheraton Hotels and Resorts, and Westin Hotels.

15. Beginning in at least 2019, Marriott began prominently reproducing photographs of Plaintiff's Mural on its social media accounts, including Twitter, Facebook, and Instagram. Examples of these uses are shown below.



*San Diego Mariott, Mission Valley*
Instagram Post from 9/14/2021



*Westin, San Diego*
Twitter Post from July 1, 2019

16. All of these uses of the Mural were made without Plaintiff's knowledge or permission. Worse still, Marriott purposefully cropped their infringing images of the Mural to omit the portion that contained Plaintiff's signature—i.e. the name of Plaintiff's Instagram account "@greetingstour"—and otherwise neglected to credit

Plaintiff as the creator of the Mural. On information and belief, Defendants' selective cropping of the Mural was done to conceal their infringement, since including Plaintiff's signature, or crediting Plaintiff by tagging it in the subject posts would have alerted Plaintiff to Defendants' unauthorized commercial use of the Mural.

17. Marriott benefitted from the misappropriation and infringement in a number of ways, including but not limited to increased revenue resulting from the infringement, increased sales, profits, and patronage of the San Diego hotel, and enhanced brand value.

18. Defendants have earned substantial additional revenue and indirect profits as a result of their use of the Mural.

19. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as alleged in this Complaint, including reputational damage and diminishment of the value of Fung and Beggs's work. Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts. In order to determine the full extent of such damages, including such profits of Defendant as may be recoverable, Plaintiff will require an accounting from Marriott of all monies generated from its wrongful conduct.

20. Plaintiff is informed and believes, and thereon alleges, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of Plaintiff's legal rights; was, and is, despicable conduct that subjects Plaintiff to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

21. Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue

unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

### First Claim For Relief For Copyright Infringement
### (Against All Defendants)

22. Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

23. The Mural, as shown in the image above, is an original work of authorship and constitutes copyrightable subject matter under the laws of the United States. The Mural was fixed in a tangible medium of expression in 2016. The Mural was registered with the United States Copyright Office effective June 16, 2016 (United States Copyright Registration Number VAU001257752).

24. Fung and Beggs have assigned all right, title and interest in and to the copyrights mentioned above to Plaintiff Greetings Tour Inc.

25. At all times since the creation of the Mural, Plaintiff (and Fung and Beggs before it) has complied with all aspects of the Copyright Acts of 1909 and 1976 and all other laws governing copyright, and secured the exclusive rights and privileges in and to the graphic expression. Plaintiff is the sole owner of all rights, title, and interest in and to the copyright in the Mural.

26. Subsequent to the creation of the Mural and (on information and belief) with full knowledge that they required the permission of the copyright holder, Defendants infringed Plaintiff's copyrights by copying and reproducing the artwork as described above in order to enhance their brand image, and attract patrons to their hotels in San Diego and throughout the world.

27. All of Defendants' acts were performed without the permission, license or consent of Plaintiff.

28. By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's businesses in the form of diversion of trade, loss of profits, and a

diminishment in the value of Plaintiff's works, rights, and reputation, in part as described above, all in amounts that are not yet ascertainable but not less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tarnished, diminishing the value of Plaintiff's works, and decreasing revenue derived from his work.

29. By reason of its infringement of Plaintiff's copyright as alleged herein, Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for disgorgement of any of Defendants' profits directly or indirectly attributable to such infringement.

30. Defendants' copying was willful, as alleged above.

**Second Claim for Relief for Removal of Copyright Management Information in Violation of the Digital Millennium Copyright Act (17 U.S.C 1202(b))**
**(Against All Defendants)**

31. Plaintiff incorporates herein by this reference all preceding paragraphs as if set forth in full in this cause of action.

32. The Mural contained copyright management information protected under 17 U.S.C. Section 1202(b), including Plaintiff's signature "@greetingstour."

33. Defendants intentionally removed that copyright management information in the images used in their social media posts, in that Defendants' photographs of the Mural are cropped, or taken from an angle that renders the signature not visible.

34. Defendants' conduct constitutes a violation of 17 U.S.C. Section 1202(b).

35. Defendants' removal of copyright management information was done without Plaintiff's knowledge or authorization.

36. On information and belief, Defendants' removal copyright management

information was done by Defendant intentionally, knowingly, and with the intent to conceal Defendants' infringement of Plaintiff's copyright in the Mural. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would conceal Defendants' infringement of Plaintiff's copyright in the Mural. Lacking any way to know Defendants' states of mind, Plaintiff pleads Defendants' intent/knowledge on information and belief. The basis for such information and belief is an inference from the nature of Defendants' copying: the most plausible explanation for Defendants' choice to omit Plaintiff's signature from Defendants' use of the works is that that Defendant intended to obscure Plaintiff's name in order to make it less likely that Plaintiff would learn of Defendants' infringement.

37. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged. Plaintiff is at present unable to ascertain the full extent of the monetary damages they have suffered by reason of said acts. In order to determine the full extent of such damages, including such profits of Defendant as may be recoverable under 17 U.S.C. Section 1203, Plaintiff requires an accounting from each Defendant of all monies generated from their wrongful falsification, alteration, and removal of Plaintiff's copyright management information.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. That Plaintiff is awarded all damages, including future damages, that Plaintiff has sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2. That Plaintiff is awarded its costs, attorneys' fees and expenses in this action;

3. That Plaintiff is awarded pre-judgment interest;

4. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5. That Defendants be ordered to immediately recall and remove any and all infringing materials;

6. That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7. For disgorgement of all proceeds, profits, and benefits resulting from Defendants' wrongful conduct, and restitution of the moneys wrongfully received by Defendants as the result of their wrongful conduct;

8. For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

9. For statutory damages under 17 USC §1203.

10. For further relief, as the Court may deem appropriate.

DATED: December 1, 2021           ERIKSON LAW GROUP

                                  By:      /s/
                                        David Erikson
                                        Attorney for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on their claims on all issues triable by a jury.

DATED: December 1, 2021          ERIKSON LAW GROUP

By:     /s/
     David Erikson
     Attorneys for Plaintiff