Moorisha Bey-Taylor (SBN 342636)
Moorisha.bey@gmail.com
**LAW OFFICE OF MOORISHA BEY-TAYLOR**
506 S. Spring Street, #13142
Los Angeles, CA 90013
Tel: (213) 290-0042

Vivek Jayaram (*Pro Hac Vice*)
Palak V. Patel (*Pro Hac Vice*)
vivek@jayaramlaw.com
palak@jayaramlaw.com
**JAYARAM LAW, INC.**
125 South Clark Street, Suite 1175
Chicago, IL 60603
Tel: (312) 212-8676

*Attorneys for Plaintiff*
*Greetings Tour, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GREETINGS TOUR INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL INC., a Delaware corporation; DIAMONDROCK HOSPITALITY COMPANY, a Maryland corporation; AIMRIDGE HOSPITALITY LLC, a Delaware corporation; DRIFTWOOD ACQUISITIONS AND DEVELOPMENT LP, a Florida limited liability company; DRIFTWOOD HOSPITALITY MANAGEMENT, LLC., a Delaware | Civil Action No. 2:21-cv-09336<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17 | limited liability company; BLUE SKY HOSPITALITY SOLUTIONS, LLC, a New York limited liability company; DRE NEMTOCo, LLC, a Delaware limited liability company; DELMONTE HOTEL GROUP, a New York company; GDC PROPERTIES, a New York company; MCKIBBON HOSPITALITY, a Florida company; MEYERS GROUP, a Florida company; DREAMSCAPE COMPANIES, a Delaware company; FAE HOLDINGS, a Delaware company; SEATTLE HOSPITALITY GROUP, a Washington company; THE BLACKSTONE GROUP, a New York company; STARWOOD CAPITAL GROUP, a Connecticut company, and DOES 1-10.<br><br>Defendants. |

Plaintiff Greetings Tour Inc. ("Plaintiff" or "Greetings Tour") brings this action against Defendants Marriott International, Inc., Diamondrock Hospitality Company, Aimbridge Hospitality, LLC, Driftwood Acquisitions and Development LP, Driftwood Hospitality Management, LLC, Blue Sky Hospitality Solutions, LLC, DRE NEMTOCo, LLC, DelMonte Hotel Group, GDC Properties, McKibbon Hospitality, Meyers Group, Dreamscape Companies, FAE Holdings, Howard Wright at Seattle Hospitality Group, The Blackstone Group, and Starwood Capital Group (collectively referred to as "Defendants") and Does 1-10 as follows.

## THE PARTIES

1. Plaintiff Greetings Tour Inc. is a California corporation. Plaintiff is owner of all right, title, and interest in the copyrights mentioned in this Complaint.

2. Defendant Marriott International, Inc. is a Delaware corporation based in Bethesda, Maryland. On information and belief, Marriott International owns the Marriott and Westin hotel brands.

3. Defendant Diamondrock Hospitality Company ("Diamondrock") is a Maryland corporation. On information and belief, Diamondrock is the owner of the San Diego Westin hotel located at 400 W Broadway, San Diego, CA 92101 (the "SD Westin").

4. Defendant Aimbridge Hospitality, LLC ("Aimbridge") is a Delaware limited liability company. On information and belief, Aimbridge is the manager of the SD Westin.

5. Defendant Driftwood Acquisitions and Development LP is a limited partnership located in Florida. On information and belief, Driftwood Acquisitions and Development LP is the owner of the San Diego Marriott Mission Valley hotel located at 8757 Rio San Diego Dr, San Diego, CA 92108 (the "MV Marriott").

6. Defendant Driftwood Hospitality Management, LLC is a Delaware limited liability company. On information and belief, Driftwood Hospitality Management, LLC is a manager of the MV Marriott.

7. Defendant Blue Sky Hospitality is a New York limited liablity company. On information and belief, Blue Sky Hospitality is an owner or manager of the Marriott – New Orleans.

8. Defendant DRE NEMTOCo, LLC is a Delaware company. On information and belief, DRE NEMTOCo, LLC is an owner or manager of the Marriott – Louisville Downtown.

9. Defendant DelMonte Hotel Group is a New York company. On information and belief, DelMonte Hotel Group is an owner or manager of the AC Hotels by Marriott Cleveland Beachwood

10. Defendant GDC Properties is a New York company. On information and belief, GDC Properties is an owner or a manager of the Aloft Orlando Downtown.

11. Defendant McKibbon Hospitality is a Florida company. On information and belief, McKibbon Hospitality is an owner or manager of the Aloft Orlando Downtown.

12. Defendant Meyers Group is a Florida company. On information and belief, Meyers Group is an owner or manager of the Hotel Paso Del Norte, Autograph Collection.

13. Defendant Dreamscape Companies is a Delaware company. On information and belief, Dreamscape Companies is an owner or manager of the Saint Hotel – New Orleans

14. Defendant FAE HOLDINGS is a Delaware company. On information and belief, FAE HOLDINGS is an owner or manager of the Courtyard by Marriott Orlando Downtown.

15. Defendant Howard Wright at Seattle Hospitality Group is a Washington company. On information and belief, Howard Wright at Seattle Hospitality Group is an owner or manager of the Seattle Grand Sheraton.

16. Defendant The Blackstone Group is a New York company. On information and belief, The Blackstone Group is an owner or manager of the Westin San Diego

17. Defendant Starwood Capital Group is a Connecticut company. On information and belief, Starwood Capital Group is an owner or manager of the Astor Crowne Plaza Hotel – New Orleans.

4

18. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

19. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein. Each defendant is the alter ego of the other defendants.

**JURISDICTION AND VENUE**

20. This Court has original matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition.

21. Each Defendant is subject to the personal jurisdiction of the Court because it transacts business in, has agents in, or is otherwise found in and has purposely availed itself of the privilege of doing business in California and in this District, and because the alleged misconduct was directed to California and this district, and Defendants' marketing activities at issue, in this case, were expressly aimed at California residents.

22. Further, each of the Defendants' alleged misconduct includes posts made on their social media accounts, including Instagram. Each Defendant submitted to the laws of the State of California by accepting the terms and services of Instagram.

23. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

### A. Greetings Tour's Background and Growing Acclaim

24. Plaintiff's principals Victor "Ving" Fung and Lisa Beggs are acclaimed visual artists, specializing in painting murals.

25. Fung grew up with a passion for art. As a New York native, Fung had a special interest in graffiti art. Fung would use his free time to paint throughout his childhood and into adulthood. In or about 2013, Fung finally decided to quit his job and pursue art full time.

26. Fung also grew up collecting postcards and his signature work was inspired by the large letter postcards popular in the mid-century. Fung desired to create a modern take on the postcard concept by painting interactive murals in local communities.

27. Greetings Tour began with a mural in Chinatown, New York City, NY. Fung desired to create a positive piece that captured the spirit of the local community. Greetings Tour felt that a post-card style mural was perfect since it included both lettering and relatable imagery. This mural quickly garnered acclaim and became a point of pride for the local community that was highlighted in the mural. Seeing the joy this work brought to every resident and tourist visiting Chinatown, Fung was inspired to create Greetings Tour.

28. In or about 2015, Greetings Tour decided to expand its work to encompass neighborhoods all across the United States. Fung and Beggs left New York in a small RV to develop their art all across the country. Greetings Tour had officially begun its nationwide postcard mural project.

29. Greetings Tour made it their mission to paint a postcard mural in every state. Each mural created by Greetings Tour is hand-painted by Fung and Beggs in their signature colorful postcard style. Greetings Tour carefully plans and designs each mural to portray their take on the community in which the mural is located. Greetings Tour will creatively incorporate local landmarks, history, and culture with a modern twist and from their unique perspective.

30. Importantly, each mural created by Greetings Tour is affixed with its name, most often on the bottom right corner of the mural.

31. Each of these murals quickly became a focal point in their respective community. Both locals and tourists flock to these murals. Greetings Tour's work is often featured on travel blogs and social media as a must-see for anyone in that respective city. There are often crowds and even lines of people around the mural seeking the perfect social media photo to capture their visit to that city. Greetings Tour's work distinctively reflects the spirit of the cities the murals reside in and has become synonymous with public engagement.

32. Greetings Tour's work has gained further distinction in media and news. Greetings Tour and its work has been featured in popular publications and news sources such as: Vogue, Conde Nast Traveler, InStyle Magazine, Elle Décor, Hypebeast, Time Out Chicago, Travel Channel, NBC, CBS, and Fox.[1]

---

[1] *See*, *e.g.*, https://www.cntraveler.com/galleries/2016-06-14/meet-the-graffiti-artists-painting-their-way-across-america; https://www.travelchannel.com/interests/road-trips/articles/greetings-tour-road-trip-mural-project; https://www.cbsnews.com/chicago/news/new-logan-square-mural-sends-greetings-from-chicago/; https://kfoxtv.com/news/local/greetings-from-el-paso-mural-goes-on-view-in-new-upper-valley-shopping-center; and, https://elpasoheraldpost.com/el-

7

33. In the early days, Greetings Tour worked hard to identify appropriate locations for their work and gain property owners' permission. Due to the popularity of Greetings Tour's early murals, local communities would see increased foot traffic which helped boost the profile of many local businesses around the murals. As such, in recent years, many businesses have clamored for more murals and have engaged Greetings Tours to affix their signature murals to their property.

34. To date, Greetings Tour has created over fifty-five (55) unique murals in over twenty-five (25) states.[2] Greetings Tour continues its mission to paint a mural in each state across America. Ultimately, Greetings Tour plans to turn its murals into a publication that shows each of the works as a series of linen postcards.

35. For each of its murals, Greetings Tour explicitly retains all rights to its intellectual property, including all copyrights to the mural and the Greetings Tour trademark which is prominently displayed on every work.

36. While Greetings Tour encourages the public to engage with and enjoy its artwork, it expects, and explicitly requests on its website, that all brands and companies that desire to use their artwork obtain proper permission and clearance. Greetings Tour is extremely selective about which brands and companies it works with and only licenses its work to businesses that align with its values.

37. Greetings Tour has collaborated with major brands such as Abercrombie & Fitch, Lululemon, Bloomingdale's, NBC Universal, Nike, etc. Further, given the nature of Greetings Tour's work, they have frequently worked with businesses in the travel industry including Airbnb and various luxury hotels.

38. Greetings Tour uses its licensing fees towards supporting its Community Mural Grant. Local communities can apply for the grant in order to have Greetings Tour come to their city to paint a mural. As a result of Greetings Tour's

---

paso-greetings-from-mural/.

[2] Greetings Tour documents its murals and their travels at its websites: https://www.greetingstour.com/.

works, neighborhoods will experience an increase in tourism and an influx of business which allows for improvement to the communities' infrastructure.

**B. Greeting Tour's Relevant Work**

39. In 2016, Fung and Beggs created a mural in San Diego, California, a photograph of which is attached in Exhibit A to this Complaint. This mural is registered with the United States Copyright Office, as reflected by Reg. No. V Au 1-257-752.

40. In 2016, Fung and Beggs created a mural in New Orleans, Louisiana, a photograph of which is attached in Exhibit A to this Complaint. This mural is registered with the United States Copyright Office, as reflected by Reg. No. V Au-1-360-170.

41. In 2018, Fung and Beggs created a mural in Louisville, Kentucky, a photograph of which is attached in Exhibit A to this Complaint. This mural is registered with the United States Copyright Office, as reflected by Reg. No. V Au-1-307-692.

42. In 2015, Fung and Beggs created a mural in Cleveland, Ohio, a photograph of which is attached in Exhibit A to this Complaint. This mural is registered with the United States Copyright Office, as reflected by Reg. No. V Au 1-257-759.

43. In 2016, Fung and Beggs created a mural in Orlando, Florida, a photograph of which is attached in Exhibit A to this Complaint. This mural is registered with the United States Copyright Office, as reflected by Reg. No. 1-257-752.

44. In 2015, Fung and Beggs created a mural in El Paso, Texas, a photograph of which is attached in Exhibit A to this Complaint. This mural is registered with the United States Copyright Office, as reflected by Reg. No. VAu001282596.

45. In 2015, Fung and Beggs created a mural in Seattle, Washington, a photograph of which is attached in Exhibit A to this Complaint. This mural is registered with the United States Copyright Office, as reflected by Reg. No. V Au 1-257-759.

46. Collectively, these works will hereinafter be refered to as the "Murals."

47. Greetings Tour signed their work by including the name of their Instagram account "@greetingstour" in the Murals. By all accounts, the Murals have been extremely well received by the communities that host the Murals.

**C. Marriott Unauthorized Use of Greeting Tour's Work**

48. Marriott International is the largest hotel chain in the world. In addition to its eponymous brand, it also owns well-known hotel brands like The Ritz-Carlton, W Hotels, Sheraton Hotels and Resorts, Westin Hotels, Autograph Collection, and The Ritz-Carlton ("Marriott Brands").

49. Upon information and belief, Marriott International franchises the Marriott Brands to the other entities, including the other named Defendants in this action ("Marriott Associated Entities") that are in turn allowed to operate hotels under the Marriott Brands.

50. Upon information and belief, Marriott International retains certain rights as the owner of the Marriott Brands, including the right to approve all marketing and advertising done by the Marriott Associated Entities.

51. Beginning in at least 2019, Defendants began prominently reproducing photographs of Greetings Tour's murals on its social media accounts, including Twitter, Facebook, and Instagram. Examples of these uses are attached in Exhibit A to this Complaint (the "Infringing Works").

52. Each of the Infringing Works are an advertisement meant to promote the hospitality services provided by the Marriott Associated Entities operating in the same area as the featured mural. By leveraging Greetings Tour's work, the Infringing

Posts entice travelers to visit the local communities and stay at Marriott branded businesses.

53. Upon information and belief, as the franchisor, Marriott International explicitly approved the Infringing Works as advertisements for the Marriott Associated Entities.

54. Marriott franchise locations have previously reached out to Greetings Tour in order to commission and license their artwork. Further, Greetings Tour's fame and its signature on each of the Murals clearly establish Greetings Tour as the owner of each of the Murals. Defendants had reason to know that the Murals were created by Greetings Tour. Yet, all the Infringing Works were made without Plaintiff's knowledge or permission.

55. Worse still, many of the Infringing Works fail to even credit Greetings Tour. Indeed, many of the Infringing Works are purposely cropped to omit the portion that contained Plaintiff's signature – i.e. the name of Plaintiff's Instagram account "@greetingstour" – and otherwise neglect to credit Greetings Tour as the creator of the Murals. Upon information and belief, Defendants' selective cropping of the Murals were done to conceal their infringement, since including Plaintiff's signature, or crediting Plaintiff by tagging it in the subject posts would have alerted Plaintiff to Defendants' unauthorized commercial use of the Murals.

56. Defendants benefitted from the misappropriation and infringement in a number of ways, including but not limited to increased revenue, sales, profits, and patronage of local hotel locations, and enhanced brand value.

57. Defendants have earned substantial additional revenues and indirect profits as a result of their use of the Murals.

58. Greetings Tour has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as alleged in this Complaint, including reputational damage and diminishment of the value of Fung and Begg's work.

Further, Greetings Tour has frequently collaborated with businesses in the travel and hotel industry. Defendants' actions have set a dangerous precedent of businesses using Plaintiff's work without permission or accreditation.

59. Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts. In order to determine the full extent of such damages, including such profits of Defendant as may be recoverable, Plaintiff will require an accounting from Defendants of all monies generated from its wrongful conduct.

60. Upon information and belief, Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of Plaintiff's legal rights. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

61. Defendants' actions have caused and will continue to cause, damage and irreparable harm to Plaintiff and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

## COUNT I:
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 ET SEQ.)
## (AGAINST ALL DEFENDANTS)

62. Plaintiff incorporates and realleges Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

63. The Murals, as shown in Exhibit A, are an original work of authorship and constitute copyrightable subject matter under the laws of the United States.

64. The Murals are registered with the United States Copyright Office. *See* Exhibit A.

65. Fung and Beggs have assigned all right, title and interest in and to the copyrights mentioned above to Plaintiff Greetings Tour Inc.

66. At all times since the creation of the Murals, Plaintiff (and Fung and Beggs before it) has complied with all aspects of the Copyright Acts of 1909 and 1976 and all other laws governing copyright and secured the exclusive rights and privileges in and to the graphic expression. Plaintiff is the sole owner of all rights, title, and interest in and to the copyright in the Mural.

67. By their actions alleged above, Defendants have infringed and will continue to infringe upon Plaintiff's copyrights in the Murals including by, among other things, copying, publicly displaying, distributing, and the Infringing Works, which reproduce the Murals in order to enhance their brand image, and attract patrons to their hotels throughout the world.

68. As alleged herein, Defendants had access to Greeting Tour's original artwork and design before Defendants commenced their acts of infringement.

69. All of Defendants' acts were performed without the permission, license or consent of Plaintiff.

70. Upon information and belief, Defendants' infringement of Plaintiff's copyrights has been deliberate, willful, and in utter disregard of Greeting Tour's rights.

71. By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's businesses in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, in part as described above, all in amounts that are not ascertainable but not less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tarnished,

diminishing the value of Plaintiff's works, and decreasing revenue derived from its work.

72. By reason of its infringement of Plaintiff's copyright as alleged herein Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for disgorgement of any of Defendants' profits directly or indirectly attributable to such infringement.

73. Plaintiff is also entitled to recover from Defendants statutory damages and attorneys' fees for Defendants' willful infringement of his copyright. Plaintiff is further entitled to an injunction restraining the Defendants, their agents and employees, and all persons acting in concert or participation with it, from engaging in any further such acts in violation of the Copyright Act.

## COUNT II:
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
## (AGAINST MARRIOTT INTERNATIONAL)

74. Plaintiff incorporates and realleges Paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75. Upon information and belief, Marriott International is the owner of and franchisor of the Marriott Brands.

76. Upon information and belief, Marriott International franchises the Marriott Brands to the Marriott Associated Entities that are in turn allowed operate hotels under the Marriott Brands.

77. Upon information and belief, Marriott International retains certain rights as the owner of the Marriott Brands, including the right to approve all marketing and advertising done by the Marriott Associated Entities.

78. Upon information and belief, Marriott International worked with the Marriott Associated Entities to design., approve, and distribute the Infringing Works.

79. By their actions as alleged above, Defendants have infringed and will continue to infringe upon Plaintiff's copyrights in the Murals including by, among

other things, copying, publicly displaying, distributing, and the Infringing Works, which reproduce the Murals in order to enhance their brand image, and attract patrons to their hotels throughout the world.

80. As alleged herein, Defendants had access to Plaintiff's original artwork and design before Defendants commenced their acts of infringement.

81. Upon information and belief, Defendants' infringement of Plaintiff's copyrights has been deliberate, willful, and in utter disregard of Plaintiff's rights.

82. Upon information and belief, Marriott International permitted, encouraged, and allowed the Marriott Associated Entities to distribute the Infringing Works without regard to copyright ownership.

83. Upon information and belief, Marriott International had the obligation and ability to control and stop the infringing activity, yet they failed to do so. Rather, it assisted in the infringement and continue to profit from it.

84. Marriott International's conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

85. By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's businesses in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, in part as described above, all in amounts that are not ascertainable but not less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tarnished, diminishing the value of Plaintiff's works, and decreasing revenue derived from his work.

86. By reason of its infringement of Plaintiff's copyright as alleged herein Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a

result of the infringement, and for disgorgement of any of Defendants' profits directly or indirectly attributable to such infringement.

87. Plaintiff is also entitled to recover from Defendants statutory damages and attorneys' fees for Defendants' willful infringement of his copyright. Plaintiff is further entitled to an injunction restraining the Defendants, their agents and employees, and all persons acting in concert or participation with it, from engaging in any further such acts in violation of the Copyright Act.

## COUNT III:
## VICARIOUS COPYRIGHT INFRINGEMENT
## (AGAINST MARRIOTT INTERNATIONAL)

88. Plaintiff incorporates and realleges Paragraphs 1 through 87 of this Complaint as if fully set forth herein.

89. Upon information and belief, Marriott International collaborated on the design and distribution of the Infringing Works in an effort to lure customers to its hotel locations.

90. Upon information and belief, Marriott International received direct financial benefits from the infringement through profits, gains, and advantages by having initially attracted and secured consumers through their act of infringement.

91. Upon information and belief, Marriott International has the right and ability to supervise, control, and/or otherwise restrict the Marriott Associated Entities from releasing advertisements that infringe upon the intellectual property of other artists.

92. Upon information and belief, Marriott International has failed to adequately police the Marriott Associated Entities with respect to engaging in infringing conduct. Rather, Marriott International has encouraged the distribution of the Infringing Works to their own benefit.

93. Upon information and belief, Marriott International is the owner of and franchisor of the Marriott Brands.

94. Marriott International's conduct constitutes vicarious copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

95. By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's businesses in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, in part as described above, all in amounts that are not ascertainable but not less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tarnished, diminishing the value of Plaintiff's works, and decreasing revenue derived from his work.

96. By reason of its infringement of Plaintiff's copyright as alleged herein Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for disgorgement of any of Defendants' profits directly or indirectly attributable to such infringement.

97. Plaintiff is also entitled to recover from Defendants statutory damages and attorneys' fees for Defendants' willful infringement of his copyright. Plaintiff is further entitled to an injunction restraining the Defendants, their agents and employees, and all persons acting in concert or participation with it, from engaging in any further such acts in violation of the Copyright Act.

### COUNT III:
**Removal of Copyright Management Information in Violation of the Digital Millennium Copyright Act (17 U.S.C. 1202(b))**
**(Against All Defendants)**

98. Plaintiff incorporates and realleges Paragraphs 1 through 97 of this Complaint as if fully set forth herein.

99. The Murals contained copyright management information protected under 17 U.S.C. Section 1202(b), including Plaintiff's signature "@greetingstour."

100. Defendants intentionally removed that copyright management information in the images used in their social media posts, in that Defendants' photographs of the Mural are cropped, or taken from an angle that renders the signature not visible.

101. Defendants' conduct constitutes a violation of 17 U.S.C. Section 1202(b).

102. Defendants' removal of copyright management information was done without Plaintiff's knowledge or authorization.

103. On information and belief, Defendants' removal copyright management information was done by Defendant intentionally, knowingly, and with the intent to conceal Defendants' infringement of Plaintiff's copyright in the Mural. Defendant also knew, or had reason to know, that such removal and/or allegation of copyright management information would conceal Defendants' infringement of Plaintiff's copyright in the Mural. Lacking any way to know Defendants' states of mind, Plaintiff pleads Defendants' intent/knowledge on information and belief. The basis for such information and belief is an inference from the nature of Defendants' copying: the most plausible explanation for Defendants' choice to omit Plaintiff's signature from Defendants' use of the works is that the Defendant intended to obscure Plaintiff's name in order to make it less likely that Plaintiff would learn of Defendants' infringement.

104. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged. Plaintiff is at present unable to ascertain the full extent of the monetary damages that have suffered by reason of said acts. In order to determine the full extent of such damages, including such profits of Defendant as may be recoverable under 17 U.S.C. Section 1203,

Plaintiff requires an accounting from each Defendant of all monies generated from their wrongful falsification, alteration, and removal of Plaintiff's copyright management information.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against Defendants as follows:

1. For a declaration that Defendants have infringed upon Plaintiff's copyright in the Murals;
2. For a declaration that the foregoing acts of infringement were willful;
3. For a declaration that Defendants must render a full and complete accounting to Plaintiff for Defendants' profits, gains, advantages, or the value of business opportunities received from the foregoing acts of infringement;
4. For an award of damages for all damages suffered by Plaintiff and for any profit or gain by Defendants attributable to infringement of Plaintiff's copyrights in amounts to be determined at trial;
5. For an award of statutory damages to Plaintiff based upon Defendants' willful acts of infringement pursuant to Copyright Laws, 17 U.S.C. § 101 *et seq.*;
6. For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct;
7. For an award of Plaintiff's costs, attorneys' fees and expenses in this action;
8. For an award of pre-judgement interest;
9. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and

any and all persons in active consent or participation with any of them, from engaging in the misconduct referenced herein;

10. For an order that the Defendants be ordered to immediately recall and remove any and all infringing materials; and,

11. For further relief, as the Court may deem appropriate.

Respectfully submitted,

**JAYARAM LAW, INC.**

By: /s/ Vivek Jayaram
Vivek Jayaram
(Pro Hac Vice)
vivek@jayaramlaw.com
Palak V. Patel
(Pro Hac Vice)
palak@jayaramlaw.com
125 South Clark Street, Suite 1175
Chicago, IL 60603
T: (312) 212-8676

Moorisha Bey-Taylor (SBN 342636 )
Moorisha.bey@gmail.com
506 S. Spring Street, #13142
Los Angeles, CA 90014
Tel: (213) 290-0042

*Attorneys for Plaintiff*