VIVEK JAYARAM (Pro Hac Vice)
PALAK V. PATEL (Pro Hac Vice)
vivek@jayaramlaw.com
liz@jayaramlaw.com
palak@jayaramlaw.com
JAYARAM LAW, INC.
125 S. Clark Street, Suite 1175
Chicago, IL 60603
Telephone: 312.212.8676

Alexander M. Kargher (SBN 259262)
akargher@sinclairbraun.com
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone: 213.429.6100

Attorneys for Plaintiff
GREETINGS TOUR INC.

SAUL D. BRENNER (SBN 130909)
sbrenner@loeb.com
KYLE R. PETERSEN (SBN 307483)
kpetersen@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd, Suite 2200
Los Angeles, CA 90067
Phone: 310.282.2000

ADAM G. KELLY (Pro Hac Vice)
akelly@loeb.com
LOEB & LOEB LLP
321 North Clark Street, Suite 2300
Chicago, IL 60654
Phone: 312.464.3100

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC.;
PINECREST HOTEL LLC;
CANAL STREET LODGING LLC;

and SEATTLE UNION STREET
ASSOCIATES LLP

KIMBERLY D. HOWATT (SBN 196921)
khowatt@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street 52nd Floor
Los Angeles, CA 90071
Phone: 213-576-5000
Fax: 213-680-4470

Attorneys for Defendant
101 EL PASO STREET, LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GREETINGS TOUR INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation, *et al.*,<br><br>Defendants. | Case No.: 2:21-cv-09336-FLA-PD<br><br>District Judge Fernando L. Aenlle-Rocha<br><br>Magistrate Judge Patricia Donahue<br><br>**FIRST AMENDED STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

1.   **GENERAL**

   1.1.   PURPOSES AND LIMITATIONS

   Discovery in this Copyright Act action is likely to involve the production and disclosure of proprietary, nonpublic financial, competitively sensitive, private and/or other confidential information for which special protection from public disclosure and

from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order to protect against the unauthorized disclosure of such confidential information and to ensure that such information will be used only for purposes of this Action. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosures and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 1.2.   GOOD CAUSE STATEMENT

This Action involves claims brought under the Copyright Act of the United States. The issues in this Action include whether certain copyrights have been infringed or violated, and whether and to what extent Plaintiff has suffered harm from the alleged infringement. As such, this Action may require the production and/or disclosure of certain documents, materials, and information that are proprietary, confidential, private, and/or competitively sensitive. Such confidential and proprietary items and information are likely to include and consist of, among other things, proprietary or confidential business and financial information, including financial performance records, documents and information that constitute, embody, contain, or refer to data concerning income, profits, losses, and/or expenditures; design documentation; marketing and business plans, including proprietary research, market research, analyses and surveys, and other valuable research; documents and information constituting or implicating privacy rights of third parties, including customer information; contracts involving intellectual property rights and licensing fees paid in connection with such rights; contracts with strict confidentiality provisions that are intended to safeguard proprietary and sensitive information of or relating to both Parties and Non-Parties (as defined below); information otherwise generally unavailable to the public, or which may be privileged or otherwise protected

from disclosure under state or federal statutes, court rules, case decisions, or common law; and other proprietary, confidential, nonpublic, private, and highly sensitive information relating to one or more of the Parties or Non-Parties for which special protection from public disclosure and from use for any purpose other than the prosecution of this Action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to protect the rights of third parties, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

 1.3 <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

  There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. <u>See Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1176 (9th Cir. 2006), <u>Phillips v. Gen. Motors</u>

Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. **DEFINITIONS**

2.1.   Action: the above-captioned federal lawsuit.

2.2.   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Stipulated Protective Order.

2.3.   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8.   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.   <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: the subset of "CONFIDENTIAL" Information or Items that constitutes or contains the most highly sensitive, proprietary and carefully guarded documents and information, including, but not limited to, trade secrets, contracts that are subject to strict confidentiality restrictions or obligations, sensitive customer identifications, profit margins,

prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development material, schematics, drawings, specifications, and other highly sensitive information not yet publicly disclosed in which the Party or Non-Party has an interest that such materials should be protected from disclosure to other parties, and should be strictly viewable only by Outside Counsel of Record or others as described in Section 7.

2.10.   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11.   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12.   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, insurers, and Outside Counsel of Record (and their support staffs).

2.13.   Producing Party: a Party or Non-Party that produces, provides, discloses, or reveals Disclosure or Discovery Material in this Action.

2.14.   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16.   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**3.    <u>SCOPE</u>**

This Stipulated Protective Order shall govern the use and handling of all Protected Material (as defined above) in the Action except during the trial of the Action. Additionally, the protections conferred by this Stipulated Protective Order shall apply to not only Protected Material but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.    <u>DURATION</u>**

"Final Disposition" of the Action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run. Except as set forth below, the terms of this Stipulated Protective Order apply through Final Disposition of the Action. The Parties may stipulate that they will be contractually bound by the terms of this agreement beyond Final Disposition, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or maintained pursuant to this Stipulated Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related

documents are part of court record). Accordingly, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial.

**5.** **DESIGNATING PROTECTED MATERIAL**

    5.1. <u>Exercise of Restraint and Care in Designating Material for Protection:</u>

    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific Disclosure or Discovery Material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2. <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Stipulated Protective Order requires**:**

    (a) for Disclosure or Discovery Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix, stamp, or inscribe, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "Confidentiality Legend"), to each page that contains Protected Material.  If only a portion or portions of the document warrant(s) protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality Legend to each page that contains Protected Material. If only a portion or portions of the document warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

(b) for testimony given in depositions, a Party or Non-party may, if appropriate, designate specific portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record during the deposition or by written notice to the court reporter, the deponent, and all counsel of record in the Action within thirty (30) days after the court reporter sends either the original transcript, a certified copy thereof, or written notice that the transcript is available for review. In the case of such written notice, the Designating Party shall identify the Protected Material by page and line number and state the manner of designation. The court reporter shall be instructed to separately bind the Protected Material portion and to mark the caption page of such portion as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable. If a timely designation is made, the deposition materials so designated shall thereafter be

treated as Protected Material in accordance with the terms of this Stipulated Protective Order. Any portions not designated within the thirty (30) day timeframe shall thereafter be treated as non-Protected Material. Until the expiration of the thirty (30) day timeframe, deposition transcripts shall be treated as CONFIDENTIAL.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

(d) for information produced in non-tangible form, that the Producing Party apply the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the filename, subject line, or in some other manner reasonably calculated to apprise a person of the designation.

(e) for information produced by third parties, that the Designating Party or Non-Party shall notify all counsel of record in this Action in writing of the designation of any Disclosure or Discovery Material as Protected Material not later than twenty-one (21) days after the date that the Designating Party or Non-Party has notice that the Disclosure or Discovery Material in question has been produced.

5.3.   <u>Inadvertent Failures to Designate</u>: An inadvertent failure to designate specific qualified Disclosure or Discovery Material does not, standing alone, waive the right of a Party or Non-Party to secure protection under this Stipulated Protective Order for such material. A Party or Non-Party may thereafter designate any Disclosure or Discovery Material that was previously produced without a Confidentiality Legend as Protected Material by informing all counsel of record in this Action, in writing, of the Bates number(s) of the document or material in question (or, in the absence of a Bates number, of other specific identifying information) and

of the Designating Party's desire that it thereafter be treated as Protected Material.  If Protected Material is designated as such after being initially produced or disclosed without a Confidentiality Legend, the Receiving Parties, after receiving such notification of the designation, must make reasonable efforts to assure that the Protected Material is thereafter treated in accordance with the provisions of this Stipulated Protective Order. Without limiting the foregoing, in the event that any documents or materials shall be produced prior to the execution by the Parties and entry by the Court of this Stipulated Protective Order, the protections afforded by this Stipulated Protective Order shall be available for such previously produced documents, provided that the Producing Party identifies and designates the documents as Protected Material within fifteen (15) business days of entry of this Stipulated Protective Order. Notwithstanding the foregoing provisions, in the event that any Disclosure or Discovery Material is designated as Protected Material after being initially produced or disclosed without a Confidentiality Legend, persons and entities to whom such Disclosure or Discovery Material has been disclosed prior to the designation shall not be responsible for any disclosure otherwise permitted under this Stipulated Protective Order occurring before receipt of notice of the designation, and persons to whom such Disclosure or Discovery Material has been disclosed must be provided by the Designating Party with another copy of the document, information, or thing that bears the appropriate Confidentiality Legend.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2. <u>Meet and Confer</u>: The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37-1

et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3, or as otherwise directed by the Court.

6.3.   Burden: The Designating Party shall have the burden of persuading the Court that the confidentiality designation is appropriate. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. Notwithstanding the foregoing, the failure of any Party to object to a confidentiality designation shall not be deemed an admission that the Disclosure or Discovery Material in question qualifies for such designation.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories or persons, and under the conditions described in, this Stipulated Protective Order. Upon termination of the Action, a Receiving Party must comply with the provisions of section 13 of this Stipulated Protective Order (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving party at a location and in a secure manner that ensures that access to the Protected Material is limited to the persons authorized under this Stipulated Protective Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the Court or permitted by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material that has been designated as "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Parties, including, without limitation, their respective officers, directors, insurers, and employees to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Stipulated Protective Order) and consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), including, without limitation, testifying and non-testifying experts, and consultants who have not been designated as testifying experts and whose identity is privileged or has not been revealed;

(d) the Court, its personnel, and anyone designated by the Court;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, insurers, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the authors, senders, addressees, and designated copy recipients of the Protected Material, or the individual(s) designated by the Designating Party or other Party as a Rule 30(b)(6) witness to testify on the subject matter contained within the Protected Material, or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed

14

STIPULATED PROTECTIVE ORDER

deposition testimony or deposition exhibits that constitute or reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3.   Disclosure of "HIGHLY CONFIDENTIAL" Information or Items:

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material that has been designated "HIGHLY CONFIDENTIAL" only to those persons listed in Sections 7.2 (a), (c), (d), (e), (f), (g), and (i).

# 8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party

has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in this Stipulated Protective Order should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in this Stipulated Protective Order should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the

16

confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

11.1. <u>No Waiver.</u> Pursuant to Federal Rule of Evidence 502, the Court orders that an inadvertent disclosure of privileged or protected material does not waive privilege or protection in any other federal or state proceeding.

11.2. <u>Procedure for Return</u>. If information subject to a claim of privilege or work product protection is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product protection for such information. If a Producing Party has inadvertently produced information subject to a claim of privilege or protection, upon written request made by the Producing Party of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned or confirmed in writing to be permanently destroyed (i.e., permanently deleted, shredded, etc.) within five (5) court days of such request. If a Receiving Party objects to the return of such information within the five (5) court day

period described above, the Receiving Party may move the Court for an order determining the status of the information pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and following the procedures of Local Rule 37-1, et seq.

## 12. **MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>: Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the admission into evidence or use in evidence of any of the Protected Material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>: A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4   <u>Additional Rights</u>: Entering into, agreeing to, and/or producing or receiving Protected Material pursuant to this Stipulated Protective Order, or otherwise complying with the terms of this Stipulated Protective Order, shall not:

(a) operate as an admission by any Party that any particular document, information, or material designated as Protected Material under this Stipulated Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Stipulated Protective Order;

(c) prejudice the rights of any Party to seek a determination by the Court of whether any document, information, or material should be subject to the terms of the Stipulated Protective Order;

(d) prejudice the rights of any Party to seek an order compelling discovery with respect to any discovery request;

(e) prejudice the rights of any Party to petition the Court for a further protective order or to seek additional protections for or relating to any Protected Material or allegedly confidential information; or

(f) prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this Action to waive the provisions or protections provided for herein with respect to any particular Protected Material.

## 13.  **FINAL DISPOSITION**

After the Final Disposition of this Action, as defined in section 4 above (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or confirm that it has destroyed such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  March 29, 2023

VIVEK JAYARAM (*Pro Hac*)
PALAK V. PATEL (*Pro Hac*)
JAYARAM LAW, INC.

ALEXANDER M. KARGHER
SINCLAIR BRAUN LLP

By:   */s/ Vivek Jayaram*
    Vivek Jayaram
    Attorneys for Plaintiff

Dated:  March 29, 2023

SAUL D. BRENNER
ADAM G. KELLY (*Pro Hac*)
KYLE PETERSEN
LOEB & LOEB LLP

By:   */s/ Kyle Petersen*
    KYLE PETERSEN
    Attorneys for Defendants
    MARRIOTT INTERNATIONAL, INC.;
    PINECREST HOTEL LLC; CANAL
    STREET LODGING LLC; and SEATTLE
    UNION STREET ASSOCIATES LLP

Dated:  March 29, 2023

KIMBERLY D. HOWATT

By:   */s/ Kimberly D. Howatt*
    Kimberly D. Howatt
    Attorney for Defendant 101 EL PASO
    STREET, LP

**ATTESTATION OF SIGNATURE**

I, Vivek Jayaram, am the ECF User whose ID and Password were used to electronically file this [PROPOSED] STIPULATED PROTECTIVE ORDER. Pursuant to Central District of California Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories listed above, and on whose behalf this filing is submitted, concur in the content of this filing, and have authorized the electronic filing thereof.

*/s/ Vivek Jayaram*
Vivek Jayaram

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: March 30, 2023

Patricia Donahue
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I hereby certify that I have read in its entirety and understand the Stipulated Protective Order (the "Order") entered in the above-captioned Action, *Greetings Tour Inc. v. Marriott International, Inc., et al.*, Case No. 2:21-cv-09336-FLA-PLA, by the United States District Court, Central District of California.

I certify my understanding that information is being provided to me pursuant to the terms and restrictions of the Order.  I agree to comply with and to be bound by all of the terms of the Order.  I understand and acknowledge that my failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose any document, information, or item that is subject to this Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this Action.

If entering into this agreement on behalf of a corporation, I am duly authorized to enter into this agreement and bind the entity on behalf of whom my signature below is being provided.

Dated: _____          Signature: _____

                                    Printed Name: _____

                                    Title: _____

                                    On Behalf of: _____